*BRASSEUR, WIFE OF FRA'S RICHARD vs. HER HUSBAND ET AL.*

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

The plaintiff or party who succeeds in a suit, has a right to recover his costs, from those against whom he obtains judgment.

But where there are two sets of defendants or parties, having distinct interests, as far as the judgment operates in each distinct interest or party, each one must pay his proper proportion of the costs accruing in his controversy with the plaintiff.

The petitioner alleges she was married to one François Richard in 1823, and in 1824 Louis Richard obtained judgment against her husband for a sum of money, and in 1826, finding her husband much embarrassed, she obtained final judgment of separation of property, for the sum of $1884 77,

the amount she brought into marriage; that before her judgment was satisfied, the heirs of Louis Richard, now deceased, had issued execution against her husband, and seized his property, to satisfy the judgment of their deceased father. She obtained an injunction against the plaintiffs in execution and *her husband,* and applied the property seized to the payment of her judgment. The district court, in giving judgment in her favour on the injunction, refused to allow her the costs of the injunction suit against the defendants, whose execution was enjoined, because they were induced by a common error between the parties, to levy on the property ined. Judgment for costs was only given against the husband, who was insolvent.

Western District,
*September* 1831.

BRASSEUR, WIFE
OF F RICHARD,
*vs.*
HER HUSBAND,
ET AL.

The plaintiff alleged she ought to have judgment for her costs against all the defendants, and on refusal, she appealed.

*Garland* for plaintiff:

1st. Costs are accessary to the judgment, and must be paid by the party cast in the suit.—*Code of Practice,* art. 549, 550, 551, 552. 11 *Mar.* 577. 10 *do* 115. 2 *Mar.* 307.

2d. The costs belong to the plaintiff, when there is judgment in his favor.—*Code of Practice,* 548.

*Lewis* for defendants:

The plaintiff committed an error by receiving judgment against her husband for more than was due to her. The defendants acted in good faith, and the error (if any) committed by them in their seizure of the husband's property, was caused by the fault of the plaintiff and her husband; and as the latter was the real debtor, he should pay all costs, and the plaintiff is bound to look to him.

2d. Costs are to be paid by the party cast in the suit: and as the plaintiff's injunction against the defendants, except François Richard, was only partially sustained—the plaintiff, too, having errors to correct on her part—it is but justice, and the law, that she hould look to the defendant, François Richard, alone, for her costs.—*Code of Practice,* art.549.

X 3

BRASSEUR, WIFE
OF F. RICHARD,
*vs.*
HER HUSBAND
ET AL.

*Porter, J.* delivered the opinion of the court.

In this action the husband of the plaintiff, and other persons who had recovered a judgment against him, were made defendants, and the suit was instituted and prosecuted with a twofold object, one was to correct certain errors in a judgment which the plaintiff had obtained against her husband, and the other was to prevent the codefendants, who had issued execution against her, from enforcing that execution on property which the petitioner alleged had been set apart and delivered to her, in virtue of the judgment of separation.

The court below rendered a judgment, on the merits of which neither party complains, but the plaintiffs and appellants aver, there is error in it *as relates to the costs.* The court considering the plaintiffs in execution against the husband, to have been led into error by his conduct, decreed that he should pay all the costs. In this we think it erred. As between them and him the equity of such a direction may be admitted, but as between the plaintiff and the other parties, it is by no means so obvious. It may be true; indeed there is evidence on record of the fact, that the husband is insolvent; and the consequence of giving judgment against him for the whole costs, will be, that if he should be unable to pay them, the burthen of them will fall on the plaintiff. She has a right to recover her costs from those against whom she obtained judgment.

The plaintiff or party who succeeds in a suit, has a right to recover his costs from those against whom he obtains judgment.

The language of the *Code of Practice* is express on this point, and if any case would authorize an exception to the rule, we do not think this case to be such a one.—*Code of Practice,* art. 549.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed: and, proceeding to give such judgment here, as in our opinion should have been given below, it is ordered, adjudged, and decreed, that the act of sale mentioned in the pleadings, from the defendant, François Richard, to the plaintiff, be confirmed; that she take the property therein

mentioned, in full satisfaction of the amount stated to be due in the said act of sale; that she also recover from the defendant, her husband, the sum of thirty-nine dollars and seventy-three cents, with legal interest thereon, at the rate of five per centum per annum, from the day of the signing the judgment in the district court, until paid. And it is further ordered, that the injunction sued out in this case be dissolved, except so far as regards any of the property mentioned and conveyed in the said act of sale, and as to that, it be perpetuated. And this court, proceeding to determine the liability of the parties as to the payment of the costs of the suit, order and decree that the defendant, François Richard, pay so much of the costs as have accrued in the controversy between him and the plaintiff for correcting the errors complained of; and the defendants in the injunction pay all the cost thereof: the costs of this appeal to be paid by the appellees.

BRASSEUR, WIFE OF F. RICHARD, *vs.* HER HUSBAND ET AL.

But where there are two sets of defendants or parties having distinct interests, as far as the judgment operates in each distinct interest or party, each one must pay his proper proportion of the costs accruing in his controversy with the plaintiff